IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,064-01






EX PARTE FREDY VEGA SANCHEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W99-72252-N(A) IN THE 195TH DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to sixty years' imprisonment. The Fifth Court of Appeals affirmed
his conviction. Sanchez v. State, No. 05-00-01680-CR (Tex. App.-Dallas, delivered March 5, 2002). 

 Applicant contends that his trial counsel rendered ineffective assistance by failing to
adequately establish the defenses of alibi and mistaken identity. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to specifically respond to Applicant's
claim of ineffective assistance of counsel. Counsel has presented an affidavit, but the affidavit did
not specifically address Applicant's claims. Counsel's supplemental affidavit should state whether
or not he knew about the possibility of an alternate suspect, Omar Gallardo. If counsel did know
about Mr. Gallardo, the affidavit should state how he obtained such information and why he did not
attempt to present such information to the jury. The affidavit should also state counsel's reasons for
not presenting additional alibi evidence in the form of delivery slips for dates surrounding the
specific date of the incident alleged in the indictment. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether testimony or evidence was presented
that could have raised the issue of an alternate perpetrator. The trial court shall make findings of fact
as to whether testimony or evidence was presented, or if the jury was instructed, that the offense
could have occurred on a date different from the date alleged in the indictment. The trial court shall
make findings as to what alibi evidence was presented and whether it pertained to a single date or
included dates surrounding the date alleged in the indictment. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 2, 2007

Do not publish